Smith, J.
The plaintiff in error seeks the reversal of a judgment, rendered against it in favor of the defendant in error, on the grounds that tho trial court erred in admitting and rejecting evidence, and in the charge given to the jury, and in refusing to charge as requested, and in overruling the motion for a new trial, based on these grounds, and the-additional ground that the verdict was against the evidence.
The petition of the plaintiff in substance averred, that on the day in question she purchased a ticket for passage on defendant’s road from Cumminsville to Elmwood, and waited at the station for the train ou which she was to take passage. That between the track on which her train was to-come, (the north bound), was another track, (the south bound),and that this track, and the way over it to the north bound track, was by the negligence of the defendant company, left covered with snow,so that the tracks could not be seen, and the same were not planked or guarded or protected in any way, or so arranged as to prevent injury to anyone crossing said track in order to get to the defendant’s train as aforesaid. She further averred that when her train stopped, she, upon the direction of the defendant company, started across to the same, and by reason cf such negligence on the part of the defendant, without any knowledge *396 on the part of any such obstructions, and without fault on her part, she stumbled, slipped and fell, and was severely injured. Tne answer of the company admitted that it was a corporation as alleged, but denied all the other averments of the petition.
We áre of the opinion that the verdict of the jury, which must have found that there was negligence on the part of the defendant company, was manifestly against the weight of the evidence on this point This accident occurred shortly after noon. The plaintiff had been at the station house of the company for about two hours waiting for her train. She knew that her train was to come on the track farthest from the station, and that the south bound • track was between the station and the north bound track, and that she would have to cross one track to reach her train. And one train passed south to her knowledge while she was waiting in the station. There had been quite a heavy fall of snow the day and night before, and it was still lying on the ground. How deep it was can not be accurately stated, as the witnesses differ as to this, some putting it at two to three inches — others four to five, and one witness guessed that it was eighteen inches deep,but evidently she was mistaken. It was probably from four to six inches deep. But we think it is clearly shown by the evidence that the long stone or cement platform in front of the station and which came nearly to the south bound track, had been cleared off by the railroad men early in the morning, and that in addition to this, several tracks had been cleared away from the platform over the first track to the second, affording a safe crossing from the platform to the north bound track, and the snow cleared away from the passage-way between the two tracks, so that passengers could easily and safely reach the north bound train. The other parts of the south bound track were covered with the snow which had fallen, except the rails' which were plainly visible. This must have *397 been so from the .fa'ct that trains had been passing there during the morning after the snow ceased to fall, and the evidence of witnesses is express as to this,though the plaintiff and another witness who followed her, testified that they could not see the rails. It seems clear, if plaintiff’s own evidence is to be credited, that she did not cross on the crossings made for passengers, but waded through the snow. This she ought not to have done, but even then, if she had looked for the rail which-she ought to have done, for she' knew it was there, she ought to have seen it. At all events, it seems clear that she slipped on one of the rails, and thus received her injury. But if it be true, as we think it was, that the defendant company had cleared the platform and made one or more safe and convenient crossings over this south bound track, we think that negligence on the part of this company was not' shown. Unless there were special circumstances shown, we can see no necessity for clearing the whole of the tracks in front of the station of the snow which had fallen-thereon, and in this case there was no évidence tending to show that ordinary prudence required it to be done.
We see nothing in the chargo of the court which was excepted to, that seems to us erroneous and prejudicial to the defendant.
We are of the-opinion that the charge No. 7, asked to be given was correct. It was in this form-. “I charge you that the defendant in this action was only bound to exercise ordinary care in view of any dangers to be apprehended, and that the failure of the defendant to remove snow from its tracks is not negligence per se. ” This was refused and exception taken. The general charge on this subject, was this: “If you find from the testimony .that the defendant did use the care in clearing the approaches to this train, that a prudent person would have exercised under the circumstances, then your verdict must be for the defendant.',’ *398 Tbis was correct, but it left out of the view the last paragraph of the special charge refused which was correct.
Ramsey, Maxwell & Ramsey, for Plaintiff in Error,
Chas. W. Baker, for Defendant in Error.
For these reasons the judgment will be reversed and a new trial awarded.